# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. TRACY,

    Plaintiff,

vs.

CYTTA CORP.

    Defendant.

Case No. 2:15-cv-02029-RCJ-GWF

**ORDER**

Memorandum in Support of Attorney Fees and Costs (#15)

Before the Court is Plaintiff's Memorandum in Support of Attorney's Fees and Costs (#15) filed on December 18, 2015. To date, Defendant has not filed a response to this motion and the time for opposition has now expired.

## BACKGROUND

The operative Complaint in this action is in Nebraska, Tracy v. Telemetrix, et al., 8:12CV-359, District of Nebraska. The Complaint asserts that the Nebraska Defendants[1] were a RICO enterprise who conspired in violation of RICO, breached their fiduciary duties to Telemetrix, and were unjustly enriched and converted the assets of Telemetrix. Plaintiff alleges that Defendant, CYTTA Corp., engaged in business with the enterprise and sought business records and correspondence from Defendant CYTTA Corp. through a Rule 45 Subpoena to support that contention. Defendant CYTTA Corp. failed to comply or in any way respond to said subpoena. Thereafter, Plaintiff filed a Motion to Compel Production (#1) in this Court as the pertinent documents were located in Nevada. Once again, Defendant CYTTA Corp. failed to respond to Plaintiff's Motion to Compel. The Court held a hearing in this matter on November 23, 2015 and based, in part, on Defendant CYTTA Corp.'s failure to appear, the Court granted Plaintiff's Motion to Compel. *See Order* (#13). Plaintiff filed this Memorandum in Support of Attorney's Fees and

---

[1] The Nebraska Defendants include William Becker, Larry Becker, Gary Brown, Becker Capital Management, LLC, Green Eagle Communications, Inc., Green Eagle Networks, Inc., and Telemetrix, Inc.

Costs, requesting reimbursement of fees and costs in the amount of $6,011.55 related to the Motion to Compel.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests reimbursement of $5,430 in attorney's fees based on 25.2 hours of work performed in drafting the motion to compel. According to Plaintiff's memorandum, that amount is based on 14.2 hours of work performed by Plaintiff's counsel in Nebraska, Rodney C. Dahlquist, Esq. and Elizabeth Henthorn, Esq., at an hourly rate of $150, and 11 hours of work performed by Plaintiff's Nevada counsel, Justin W. Smerber, Esq., at an hourly rate of $300. After viewing Plaintiff's Memorandum, the Court finds that Plaintiff has offered sufficient evidence that their requested fees are reasonable compared to the prevailing market rates in Nevada and Nebraska and the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *See Blum*, 465 U.S. at 895-96. In addition, the Court finds that 25.2 hours of attorney labor billed by Plaintiff's counsel on the preparation and argument of this motion are reasonable. As a result, the

Court will award Plaintiff reasonable attorneys' fees associated with bringing the Motion to Compel in the amount of $2,130 (14.2hrs x $150) and $3,300 (11hrs x $300) for a total of $5,430.

Plaintiff also requests reimbursement in the amount of $581.55 in costs incurred for bringing the Motion to Compel. Plaintiff's counsel asserts that these costs were associated with filing fees, process server fees, and copy charges. The Court finds that Plaintiff's request is reasonable and will therefore award Plaintiff a total of $581.55 in costs.

Thus, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees in the amount of $5,430 and costs in the amount of $581.55 for a total of $6,011.55. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exception circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Memorandum in Support of Attorney's Fees and Costs (#15) is **granted**. Defendant is ordered to pay Plaintiff the total sum of $6,011.55. Defendant is ordered to make the payment to Plaintiff by **February 22, 2016.**

**IT IS FURTHER ORDERED** that Plaintiff shall serve this Order on Defendant by personal service upon CYTTA Corp., by serving its Registered Agent.

DATED this 21st day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge